1
2
3                          UNITED STATES DISTRICT COURT
4                                DISTRICT OF NEVADA
5                                       * * *
6   GILBERT,                                   Case No. 3:24-cv-00245-MMD-CLB
7                              Petitioner,                ORDER
8          v.
9
10  HENLEY, *et al.*,
11                            Respondents.

12          Petitioner Jesse Calvin Gilbert, a Nevada prisoner, filed a Petition for a Writ of
13  Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 8 ("Petition").) Currently before the
14  Court is Respondents' motion to dismiss the Petition and motion to seal exhibit. (ECF
15  Nos. 31 ("Motion to Seal"), 34 ("Motion to Dismiss").) Gilbert filed no response to either
16  motion and his time for doing so has now expired.[1] *See* LR 7-2(b). For the reasons
17  discussed below, the Court grants the Motion to Seal, grants the Motion to Dismiss, and
18  dismisses the Petition.
19  I.    **BACKGROUND**
20          **A.    State Court Proceedings**
21          Gilbert was pulled over by a law enforcement officer "because the car Gilbert was
22  driving did not have an operating license plate." (ECF No. 30-34 at 3–4.) Because "Gilbert
23  had an active warrant, the deputy arrested him," and "[d]uring the subsequent warrantless
24  search of the vehicle, the deputy . . . found a handgun under the driver's seat." (*Id.*) Gilbert
25  moved to suppress the evidence found in the vehicle. (ECF No. 28-37 ("Motion to
26  Suppress").) However, following an evidentiary hearing, the state court denied Gilbert's
27
28          [1]"The failure of an opposing party to file points and authorities in response to any
    motion . . . constitutes a consent to the granting of the motion." LR 7-2(d).

Motion to Suppress. (ECF No. 29-13.) Gilbert pleaded no contest to the charge of being an ex-felon in possession of a firearm but "preserve[d] his right to appeal the Order Denying Motion to Suppress." (ECF No. 29-20.) Gilbert appealed, and the Nevada Supreme Court affirmed the denial of his Motion to Suppress on May 9, 2024. (ECF No. 30-34.) The state court entered Gilbert's Judgment of Conviction on October 4, 2022, sentencing him to 16 to 54 months in prison. (ECF No. 29-29.)

Gilbert commenced this action on June 12, 2024. (ECF No. 1.) In his Petition, Gilbert raises a single ground of relief: "[His] Fourth Amendment federal constitutional right was violated by the Churchill County Sheriff's Office by the impoundment and warrantless search of the car he was driving." (ECF No. 8 at 5.)

## II.    DISCUSSION

Respondents move to dismiss Gilbert's Petition because his single ground for relief is non-cognizable. (ECF No. 34.) "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 481 (1976). This doctrine applies "whether or not [the claims] were actually adjudicated on the merits and whether or not they involved an unreasonable application of Supreme Court law or unreasonable determination of the facts." *Newman v. Wengler*, 790 F.3d 876, 878 (9th Cir. 2015). Thus, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

Gilbert fails to demonstrate that he did not have a full and fair opportunity to litigate his Fourth Amendment claim in state court under *Stone*. Indeed, Gilbert's Motion to Suppress was thoroughly briefed, a lengthy evidentiary hearing was held in which two witnesses provided testimony, the state court considered the merits of Gilbert's motion in

a 19-page detailed order, and the Nevada Supreme Court issued an 18-page, reportable opinion discussing only the suppression issue. (ECF Nos. 28-37, 29-11, 29-13, 30-34.) Accordingly, not only did Gilbert have a full and fair opportunity to litigate his Fourth Amendment claim, but his claim was exceedingly and painstakingly reviewed. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1178–79 (9th Cir. 1990) (noting that the opportunity for full and fair litigation "also consider[s] the extent to which the claims were briefed before and considered by the state trial and appellate courts"); *Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir. 1981) (finding that the petitioner was afforded an opportunity for full and fair litigation, in part, because "[t]he opinion of the Arizona Court of Appeals is four pages long, and it clearly indicates that appellant's contentions were carefully considered and squarely rejected"). Consequently, the Court is precluded from reviewing Gilbert's sole ground for relief, so it dismisses the Petition with prejudice.

Respondents also move to seal Exhibit 65, Gilbert's Presentence Investigation Report. (ECF Nos. 31; 32-1.) Because a compelling need to protect Gilbert's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records, the Court finds good cause exists to grant the Motion to Seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

## III.    CONCLUSION

It is therefore ordered that the Motion to Dismiss (ECF No. 34) is granted. The Petition (ECF No. 8) is dismissed with prejudice under *Stone*. A Certificate of Appealability is denied as reasonable jurists would not find dismissal of the Petition for the reasons stated in this order to be debatable or wrong.

It is further ordered that the Motion to Seal (ECF No. 31) is granted. Exhibit 65 (ECF No. 32-1) is considered properly filed under seal.

///

///

3

It is further kindly ordered that the Clerk enter judgment and close this case.

DATED THIS 5th day of November, 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4